# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| LINDA VOIGHT, | CASE NO. C17-1360 MJP |
|---|---|
| Plaintiff, | ORDER ON MOTION FOR SUMMARY JUDGMENT |
| v. | |
| HAL NEDERLAND, N.V., et al., | |
| Defendants. | |

The above-entitled Court, having received and reviewed:

1. Plaintiff's Motion for Summary Judgment re: Defendants' Affirmative Defenses (Dkt. No. 22),

2. Defendants' Response to Plaintiff's Motion for Summary Judgment re: Defendants' Affirmative Defenses (Dkt. No. 24),

3. Plaintiff's Reply in Support of Motion for Summary Judgment re: Defendants' Affirmative Defenses (Dkt. No. 26),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

ORDER ON MOTION FOR SUMMARY JUDGMENT - 1

1  IT IS ORDERED that the motion is GRANTED.

2  IT IS FURTHER ORDERED that Defendants' motion for voluntarily dismissal without prejudice of their third, eighth, tenth, twelfth, and eighteenth affirmative defenses (Dkt. No. 23) will be STRICKEN as moot.

**Background**

Plaintiff propounded written discovery requests to Defendants, inquiring after the factual basis for their affirmative defenses, along with the identities of any witnesses capable of corroborating the defenses. (Dkt. No. 15-1 at 8.) Defendants initially objected that the interrogatories relative to their affirmative defenses touched on matters protected by attorney-client privilege and work product (Dkt. No. 15-1 at 17), then later filed supplemental responses (eight days before the discovery cutoff) asserting that the requests were "premature in that investigation and discovery is continuing and additional information might be developed that will be pertinent to the issues raised in the affirmative defenses." (Dkt. No. 21-1 at 18, 31.)

Plaintiff now moves for summary judgment dismissal of Defendants' third, seventh, eighth, tenth, twelfth, and eighteenth affirmative defenses. The enumerated defenses assert:

**No. 3**: Plaintiff's injuries were the result of superseding, intervening, and/or unforeseeable causes from which Defendants had no duty to protect Plaintiff. (Dkt. No. 3 at 3.)

**No. 7**: Plaintiff's injuries were solely caused by the actions and/or omission of third parties for whom Defendants have no responsibility or liability. (Id. at 4.)

**No. 8**: Plaintiff's complaint fails to state a claim upon which relief may be granted.

**No. 10**: Seeks a reduction in damages due to the negligence of third parties. (Id.)

**No. 12**: Seeks an offset for collateral source payments receive by Plaintiff. (Id. at 5.)

**No. 18**: Asserts that Plaintiff assumed the risk of the hazards which caused her injury. (Id. at 6.)

**Discussion**

Standard of review

The legal standard governing the granting of summary judgments is well known. Summary judgment is appropriate where the non-moving party lacks competent evidence to establish a *prima facie* case. Ceotex v. Catrett, 477 U.S. 317, 322 (1986). The moving party meets its burden by showing that the non-moving party lacks the requisite evidence; once that showing is made, the burden shifts to the non-moving party to rebut the movant's proof. Id. at 325. Summary judgment is warranted where the non-moving party fails to demonstrate the existence of an element essential to the case on which that party bears the burden of proof. Id. at 322-23. The evidence is viewed in the light most favorable to the non-moving party.

Voluntary dismissal of affirmative defenses Nos. 3, 8, 10, 12 and 18

Defendants have moved, by separate pleading, for a dismissal without prejudice of affirmative defenses Nos. 3, 8, 10, 12, and 18. (Dkt. No. 23.) The Court agrees with Plaintiff's arguments for rejecting that request and ordering dismissal with prejudice of these defenses.

As regards the tenth, twelfth, eighteenth affirmative defenses, they are void as a matter of law. The tenth affirmative defense alleges a right to joint and several liability. Plaintiff does not contest Defendants' right to argue comparative negligence on Plaintiff's part, but cites maritime case law which precludes any attempt by Defendants to seek a reduction of damages for the negligence of third parties. Coats v. Penrod Drilling Corp., 61 F.3d 1113, 1126-27 (5th Cir. 1995). Additionally, Plaintiff points out that Defendants have not identified any third parties as allegedly negligent. Defendants are not entitled to either go forward with or preserve (by means of a non-prejudicial dismissal) this defense.

1   The twelfth affirmative defense alleges that "any award of damages to Plaintiff… should be reduced by any collateral source payments paid to and/or received by Plaintiff." (Dkt. No. 3 at 5.) It is well-established that this is prohibited: The collateral source rule prohibits a defendant from reducing its liability by the amount of recovery a plaintiff receives from third parties and sources collateral to the defendant. Bourque v. Diamond M. Drilling Co., 623 F.2d 351, 354 (5th Cir. 1980). Additionally, Defendants have identified no sources of payment collateral to their own which they seek to offset.

  The eighteenth affirmative defense (assumption of the risk) is not a defense recognized by general maritime law. Simeonoff v. Hiner, 249 F.3d 883, 888 (9th Cir. 2001)("We have held that in admiralty cases assumption of the risk is not a defense and cannot be applied to bar or reduce damages sustained by seamen.") Plaintiff concedes that Defendants are free to argue comparative negligence, but not assumption of the risk.

  Plaintiff opposes Defendants' attempt to have these defenses dismissed without prejudice. They do not exist as a matter of law, Defendants have made no substantive legal response to Plaintiff's arguments concerning complete dismissal, and there is no reason to "preserve" them for refiling at some future point in the case.

  As regards the third (superseding/intervening cause) and eighth (failure to state a claim) defenses, Defendants have presented no evidence in support of either theory. Summary judgment is the time to "fish or cut bait" – come forward with the evidence to support the claim/defense, or abandon it. And if summary judgment is to be granted, the Court has no option but to dismiss with prejudice. Rivera v. PNS Stores, Inc., 647 F.3d 188, 195 (5th Cir. 2011).[1]

---

[1] "Summary judgment… is the equivalent of a trial and is an adjudication of the claim on the merits. Thus, to grant summary judgment without prejudice is to say that although there has been an adjudication n the merits, it is not conclusive as t to the rights of the parties… [This] is logically inconsistent." Rivera, 647 F.3d at 194.

<u>Affirmative defense No. 7 (injuries caused solely by negligence of third parties)</u>

This is the one affirmative defense which Defendants seek to preserve. It appears that they want to retain, until last moment, the possibility that they will be able to assign liability for this accident to the shipbuilder; an understandable desire, but one for which they have no legal justification.

As part of their rationale for preservation, Defendants point out that they have identified the shipbuilder (Fincantieri, an Italian company), provided blueprints to Plaintiff, and offered to allow Plaintiff to inspect the ship where the accident occurred. (Dkt. No. 19-2). All of which is fine and well, as far as it goes.

Defendants' rationale begins to falter when they try to place the burden on Plaintiff as to why simply providing the name of the shipbuilder is not sufficient ("Plaintiff does not state why providing the identity of the ship builder was insufficient evidence of potential third-party liability… Defendants do not believe it is their burden to provide additional information to support affirmative defense seven at this time;" Dkt. No. 24, Response at 5-6). The substance of their position appears to be that, although the deadline for formal discovery has passed, FRCP 16(b)(2) does not refer to *supplemental* discovery, and FRCP 26 requires a party to supplement or correct its prior disclosures upon becoming aware of errors in previous responses or additional information. They cite Ninth Circuit case law for the proposition that "[a] discovery cutoff date does not, however, affect admissibility of evidence obtained outside of the discovery process of the case in which the cutoff date is ordered." <u>Whittaker Corp. v. Execuair Corp.</u>, 736 F.2d 1341, 1347 (9th Cir. 1984).

They conclude from this that the Court should hold off on deciding this issue until

ORDER ON MOTION FOR SUMMARY JUDGMENT - 5

the time of the *pretrial conference*, or due date of the pre-trial statement, the deadline for the identification of witnesses and exhibits on issues such as affirmative defenses or allow the Defendants additional time to obtain declaration and/or provide whatever additional information the court might deem appropriate in this regard.

Response at 6 (emphasis supplied).

This will simply not do. In the first place, Defendants have introduced no evidence in support of this defense; they are basically requesting permission to mount an "empty chair" defense, an argument that is available only where a defendant asserts that a third party's negligence was the sole proximate cause of the plaintiff's damages. Leonardt v. Loyola University, 168 Ill.2d 83, 92 (1995); Vila v. Philip Morris USA Inc., 215 So.3d 82, 86 (Fla. Dist. Ct. App. 2016). All that Defendants have alleged here is that a third party "might have some responsibility." (Response at 6.)

Successfully defeating a summary judgment request requires the nonmovant to "set forth non-speculative evidence of specific facts;" in this case, evidence upon which a trier of fact could find that a third party bears sole responsibility for Plaintiff's injuries. Defendants have produced nothing and have not even alleged that the shipbuilder was negligent. Essentially, their position boils down to a request that they be allowed until the pretrial conference (currently set for November 26, 2018) to possibly come up with evidence that will support this affirmative defense. This case was filed in September 2017 and the discovery cutoff was July 6, 2018. Defendants have provided no explanation for why they were unable to gather evidence supporting their defense during that period of time, nor what evidence they might produce if granted more time.

Additionally, the Court must take into account considerations of equity and fairness – how would Plaintiff be expected to prepare her response to evidence of the shipbuilder's

negligence produced one or two weeks before trial? It is an untenable argument and it certainly does not operate to defeat summary judgment.

Plaintiff's motion will be granted in its entirety. Defendants' third, seventh, eighth, tenth, twelfth, and eighteenth affirmative defenses are ordered DISMISSED with prejudice.

As a further, "bookkeeping" matter, the Court notes that this ruling renders Defendants' motion for voluntarily dismissal of their third, eighth, tenth, twelfth, and eighteenth affirmative defenses moot; that motion (Dkt. No. 23) will be ordered STRICKEN.

The clerk is ordered to provide copies of this order to all counsel.

Dated September 25, 2018.

The Honorable Marsha J. Pechman
United States Senior District Court Judge